**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRENDA U.,

                Plaintiff,

      v.                             1:18-CV-918
                                  (DJS)

ANDREW SAUL, Commissioner of Social
Security,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| KIRK AND TEFF, LLP<br>Counsel for Plaintiff<br>10 Westbrook Lane<br>P.O. Box 4466<br>Kingston, New York 12402 | RALPH M. KIRK, ESQ.<br>DREW CHISOLM, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>REGION II<br>Counsel for Defendant<br>26 Federal Plaza - Room 3904<br>New York, NY 10278 | MICHELLE L. CHRIST, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER[1]

Plaintiff Brenda U., brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court is the Plaintiff's Motion for the Judgment on the Pleadings and the Commissioner of Social Security's Motion for Judgment on the Pleadings. Dkt. Nos. 10 & 14. Oral argument was heard on the Motions on September 25, 2019 during an on the record telephone conference. Following argument, I issued a bench decision in which, after applying the governing legal standards, I found the Commissioner's determination failed to provide a sufficient explanation for its consideration of medical opinions in the record.

After due deliberation and based upon the Court's bench decision, which has been transcribed, is attached to this order, and is incorporated by reference herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

**ORDERED,** that Defendant's decision denying Plaintiff disability benefits is **VACATED** and **REMANDED** pursuant to Sentence Four of section 405(g) for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Order on the parties.

Dated: September 25, 2019
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

3

1            **UNITED STATES DISTRICT COURT**

2            **NORTHERN DISTRICT OF NEW YORK**

3

4 **BRENDA U.,**                 )
                          )

5         Plaintiff,       )    **CASE NO. 1:18-CV-918**
                          )

6     vs.                   )
                          )

7 **COMMISSIONER OF SOCIAL SECURITY,** )
                          )

8         Defendant.       )
   _____)

9

10            **TRANSCRIPT OF PROCEEDINGS**

         **BEFORE THE HON. DANIEL J. STEWART**

11        **WEDNESDAY, SEPTEMBER 25, 2019**

            **ALBANY, NEW YORK**

12

13 **FOR THE PLAINTIFF:**
    Kirk & Teff, LLP

14     By: Drew Chisholm, Esq.
    10 Westbrook Lane, PO Box 4466

15     Kingston, New York 12402

16

17 **FOR THE DEFENDANT:**
    Social Security Administration

18     By: Michelle L. Christ, Esq.
    26 Federal Plaza, Room 3904

19     New York, New York 10278

20

21

22

23

24       **THERESA J. CASAL, RPR, CRR, CSR**
      Federal Official Court Reporter

25       445 Broadway, Room 509
      Albany, New York 12207

      *THERESA J. CASAL, RPR, CRR*
   *UNITED STATES DISTRICT COURT - NDNY*

1    THE COURT:  At this point in time, I am prepared

2  to render a decision on this matter, so from this point

3  forward, the transcript will be the decision and the

4  decision is as follows:

5    This is an action pursuant to 42, United States

6  Code, Section 405(g), seeking judicial review of an adverse

7  determination of the Social Security Administration.  Having

8  reviewed the record and the briefs filed by the parties and

9  hearing the arguments of Counsel this morning, I'm prepared

10  to issue a ruling on the pending motions for judgment on the

11  pleadings.

12    Plaintiff initially filed for supplemental

13  security income benefits in February of 2015.  Her claim was

14  denied and she then requested and had a hearing before the

15  Administrative Law Judge.  The ALJ issued a decision on

16  July 3, 2017, finding that plaintiff was not disabled within

17  the meaning of the Social Security Act and thus not entitled

18  to benefits.  The Social Security Appeals Council denied

19  review, making the ALJ's decision the final decision of the

20  defendant.  It is that decision the plaintiff seeks to

21  review in this action.

22    Plaintiff was born in 1966.  She alleges a

23  disability onset date of June 10, 2005.  She claimed

24  disability based upon a number of conditions, including

25  degenerative joint disease, arthritis, bone disease and

*Brenda U. v. Comm. of Social Security - 18-CV-918*

1  chronic obstructive pulmonary disease or COPD.  She has past

2  relevant work as a cashier and cleaner.  She has an

3  established history of drug addiction.

4        The ALJ's decision applied the established

5  sequential analysis for evaluating claims of this nature.

6  In his decision, the ALJ found the plaintiff had the

7  following severe impairments:  Degenerative disc disease of

8  the cervical spine, lumbar disc bulges and COPD.  The ALJ

9  next found that plaintiff did not have an impairment or

10  combination of impairments that met or medically equals one

11  of the listed impairments in the Social Security

12  Administration's regulations.  The ALJ then found that

13  plaintiff had the residual functional capacity to perform a

14  full range of light work, except that she could not work at

15  jobs with a concentrated exposure to airborne irritants.

16  The ALJ found that plaintiff could perform her past relevant

17  work and that there were other jobs that she could perform

18  consistent with her functional capacity.  As a result, the

19  ALJ found that plaintiff was not disabled and not entitled

20  to benefits.

21        Among the evidence in the administrative record is

22  a medical source statement from Dr. Ravi Ramaswami,

23  plaintiff's treating physician, which found, among other

24  things, that the plaintiff suffered from cervical disc

25  disease and, as a result, was significantly limited in her

1   functional abilities.  Dr. Ramaswami found, for example,

2   that plaintiff could walk only a half of a city block

3   without rest or severe pain, could stand for no more than

4   ten minutes without needing to sit down or walk around,

5   could sit or stand for no less than two hours during an

6   eight-hour workday, would need to frequently take

7   unscheduled breaks from work, could never lift 10 pounds or

8   more, would be off task 25 percent or more of the time and

9   would likely be absent four or more days per month as a

10  result of her limitations.

11          The ALJ's decision concluded that Dr. Ramaswami's

12  medical source statement was entitled only to little weight.

13  One of the plaintiff's principle arguments here is that in

14  affording the opinion little weight, the ALJ did not

15  properly evaluate this medical opinion.  Under Social

16  Security Administration regulations, a treating physician's

17  opinion as to the nature and severity of the claimant's

18  impairment is entitled to controlling weight when it is well

19  supported by medically acceptable clinical and laboratory

20  diagnostic techniques and is not inconsistent with other

21  substantial evidence in the case record.  However, there are

22  situations where the treating physician's opinion is not

23  entitled to controlling weight.  In such circumstances, the

24  Second Circuit's decision in *Greek versus Colvin* makes clear

25  that the ALJ must explicitly consider the frequency, length,

1  nature and extent of treatment; the amount of medical

2  evidence supporting the opinion; the consistency of the

3  opinion with the remaining medical evidence; and whether the

4  physician is a specialist.

5  In this case, while recognizing that Dr. Ramaswami

6  was a treating source, the ALJ nonetheless afforded his

7  opinion only little weight.  In doing so, however, the ALJ

8  did not provide the type of explanation required by the

9  regulations as explained in the relevant case law.  The ALJ

10  did generally refer to the length of this doctor's treatment

11  of plaintiff by citing to plaintiff's treatment records.

12  The ALJ's decision, however, involved no discussion of the

13  frequency, nature and extent of treatment.

14  With regard to the support for Dr. Ramaswami's

15  opinion in his own records, the ALJ made a largely

16  conclusory finding that, quote, all the claimant's physical

17  examinations from February of 2015 to March of 2017 were

18  normal, unquote, and thus not consistent with the

19  limitations suggested by her doctor.  While it may be that

20  the ALJ could have justified this conclusion with more

21  explanation, the reasoning provided by the ALJ leaves the

22  Court uncertain as to whether the appropriate analysis was

23  conducted.  As plaintiff points out, she was repeatedly

24  characterized as appearing malnourished and frail during her

25  appointments with Dr. Ramaswami.  Plaintiff also presented

*Brenda U. v. Comm. of Social Security - 18-CV-918*

1    to Dr. Ramaswami on multiple occasions with back, neck and

2    shoulder pain.  At or near the time of his medical source

3    statement, plaintiff's doctor noted that back and neck pain

4    was making it such that plaintiff could not stand for more

5    than a few minutes.  These findings are at least somewhat

6    consistent with the limits imposed by Dr. Ramaswami's

7    medical source statement.

8            The ALJ also did not offer any explanation

9    regarding the consistency of Dr. Ramaswami's opinions with

10   other medical evidence in the record.  The failure to

11   discuss whether this opinion was consistent with other

12   evidence in the record is problematic because, as plaintiff

13   points out, there was other evidence in the record

14   consistent with Dr. Ramaswami's opinion.  The ALJ, for

15   example, recognized that an MRI revealed degenerative

16   changes in bulging discs and stenosis.  He also recognized

17   plaintiff's treatment for back and neck pain both at the

18   Spine Institute of Columbia Memorial Hospital and through a

19   course of physical therapy.  But the ALJ makes no reference

20   to this evidence when articulating his ground for

21   discounting the opinion of plaintiff's treating physician.

22           To justify affording the opinion reduced weight,

23   defendant points out that many of Dr. Ramaswami's medical

24   notes reveal that during his examinations of plaintiff, the

25   doctor rarely seems to have evaluated plaintiff's

*Brenda U. v. Comm. of Social Security - 18-CV-918*

1    musculoskeletal system.  Defendant also points out that

2    plaintiff's appointments during this time period were

3    largely assessing plaintiff for refills of suboxone to treat

4    her opioid addiction, not to assess pain or other medical

5    conditions that related to the opinions provided in the

6    medical source statement.

7         Defendant appears to be correct on both points and

8    both may have been appropriate grounds for providing less

9    weight to the opinion, but neither was relied upon by the

10   ALJ as a basis for discounting Dr. Ramaswami's opinion, and

11   courts have consistently held that defendant's

12   after-the-fact justification for doing so is not entitled to

13   weight.  See, for example, *Snell versus Apfel*, Second

14   Circuit decision from 1999, and *Crosse versus Colvin*, a 2014

15   decision from the Northern District of New York.

16        Without a more thorough explanation of the ALJ's

17   reasoning for finding the medical source statement

18   inconsistent with the treatment notes and other evidence in

19   the record, the Court concludes that the matter should be

20   remanded for further consideration of the proper weight to

21   be afforded this opinion.

22        The plaintiff makes a number of additional

23   arguments concerning the ALJ's evaluation of the record and

24   the RFC determination.  Given that the amount of weight that

25   might be afforded the plaintiff's treating physician on

1    remand will necessarily have a significant impact on any

2    further RFC finding, the Court finds that the other issues

3    raised should be addressed by the ALJ following

4    reconsideration of the treating physician's opinion.

5              As a result, I grant plaintiff's motion for

6    judgment on the pleadings, deny defendant's motion and

7    remand the matter pursuant to sentence 4 of Section 405(g)

8    for further proceedings.

9              All right.  Anything further that counsel wishes

10   me to address before we end this conference?

11             MR. CHISHOLM:  No.  No, thank you, your Honor.

12             THE COURT:  All right.  Miss Christ, anything

13   further?

14             MS. CHRIST:  No, thank you.

15             THE COURT:  All right.  Thank you both.  I

16   appreciate it.

17             MS. CHRIST:  Thank you.

18             MR. CHISHOLM:  Thank you.

19                   (This matter adjourned at 10:53 AM.)

20                     -  -  -  -  -

21

22

23

24

25

1          CERTIFICATION OF OFFICIAL REPORTER

2

3

4          I, THERESA J. CASAL, RPR, CRR, CSR, Official

5   Realtime Court Reporter, in and for the United States

6   District Court for the Northern District of New York, do

7   hereby certify that pursuant to Section 753, Title 28,

8   United States Code, that the foregoing is a true and correct

9   transcript of the stenographically reported proceedings held

10  in the above-entitled matter and that the transcript page

11  format is in conformance with the regulations of the

12  Judicial Conference of the United States.

13

14          Dated this 25th day of September, 2019.

15

16  **/s/ THERESA J. CASAL**

17  THERESA J. CASAL, RPR, CRR, CSR

18  FEDERAL OFFICIAL COURT REPORTER

19

20

21

22

23

24

25